{¶ 47} I respectfully dissent from the majority's view that the granting of legal custody of the child to a biological stranger, when the biological mother has "surpassed the requirements of the case plan" as noted in ¶ 38, was not an abuse of discretion.
 {¶ 48} I am well aware the abuse of discretion standard of review sets a very high bar against reversal. However, the overwhelming principals of R.C. Chapter 2151 aim for parental reunification. There is no doubt appellant has successfully completed the case plan, and the agency's reasonable efforts have resulted in returning stability to appellant's life.
 {¶ 49} Being aware the "best interest" of the child is the scope of the judicial inquiry, I would find being in the legal custody of her own biological mother is in this child's best interest. I believe this trumps the fine life and "things" that the Hemmingsens paraded before the court. The world is not perfect for any one of us, and the placement in an affluent home does not ensure that any child's life would be perfect. Likewise, the placement of a child in a lower income home does not mean the child will be deprived. We have only to look at historical figures to see that having less material "things" does not hinder success. Being deprived of one's biological parent is more devastating than not having a brand new play set.
 {¶ 50} I would find the trial court erred in not awarding legal custody of the child to the biological mother. *Page 1